**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CRAIG ROBIN ROBERTS,**

        **Petitioner**

**v.**                            **Civil Action No.  2:08cv74**
                                        **(Judge Maxwell)**

**BUREAU OF PRISONS,**

        **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

The petitioner initiated this case on June 30, 2008, by filing a civil rights complaint.   Dckt. 1.  However, upon a review of the complaint, the undersigned determined that the complaint alleged the Bureau of Prisons ("BOP") was not properly calculating the petitioner's sentence,[1] and that therefore, the petitioner was challenging the execution of his sentence, rather than the conditions of his confinement.  Dckt. 5.  Thus, the case Court construed the complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2241.  *Id.*  Consequently, on July 25, 2008, the respondent was directed to show cause why the petition should not be granted.  Dckt. 9.

On September 19, 2008, the respondent filed a Motion to Dismiss and Response to Show Cause Order requesting dismissal of the petition for the failure to exhaust and because the petitioner is not entitled to the credit sought.  Dckt. 12 and 13.  Because the petitioner is proceeding *pro se*, the Court issued a Roseboro Notice on September 23, 2008, advising the petitioner of his right to file a response to the petitioner's motion.  Dckt. 14.  The petitioner accepted service of that Order on September 26, 2008.  Dckt. 15.  No response has been filed.

---

[1] The petitioner seeks credit on his federal sentence for 113 days of pre-sentence custody.

Upon a review of the pleadings in this case, the undersigned discovered that the petitioner's projected release date from BOP custody was September 3, 2008. Dckt. 13 at 3.

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996).

Here, a review of the BOP's inmate locator[2] confirms that the petitioner was released from custody on September 3, 2008.[3] Thus, the petitioner is no longer in BOP custody and the Court can no longer offer the petitioner any meaningful relief on his claims.[4] For this reason, it is recommended that the respondent's Motion to Dismiss (dckt. 12) be **DENIED** for the reasons given therein, and instead, the petitioner's construed § 2241 petition (dckt. 1) be **DISMISSED without prejudice** as moot.[5]

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the Recommendation to which objections are made, and the basis for such

---

[2] See www.bop.gov.

[3] Because the petitioner has not updated the Court as to his new address, it appears that in addition to being moot, the petitioner may have abandoned his claims.

[4] In the petition, the petitioner seeks the recalculation of his sentence by the BOP.

[5] The undersigned notes that there are exceptions to the mootness doctrine such as where a case may involve collateral consequences providing a continued significant stake in the outcome, or where a case is capable of repetition but evading review. See Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir. 1994). However, I find that neither of these exceptions apply in this case.

2

objections.  A copy of such objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge.  Failure to timely file objections as set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon this Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: April 24, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE